```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 17-21052-CIV-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
```

LACROIX EMANNUEL JAMES,

    Petitioner,                     <u>REPORT OF MAGISTRATE JUDGE</u>

v.

UNITED STATES DEPARTMENT OF JUSTICE,
et al.,

    Respondents.
_____/

    Lacroix Emmanuel James has filed a pro se Motion for Stay of Deportation and Motion to Re-Open And Remand, which was styled by the Clerk of Court as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.

    This case was referred to the undersigned pursuant to the Administrative Order 2003-19, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. No order to show cause has been issued because the petition, as filed, is subject to dismissal.

    At the time the petition was filed, on March 21, 2017,[1] Petitioner had been in the custody of ICE at Krome Service Processing Center, Miami, Florida, for eleven (11) days, awaiting removal to Haiti pursuant to a removal order. (DE#1). Petitioner

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." <u>Williams v. McNeil</u>, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. <u>See</u> <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001); <u>Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). In this case, because the petition was not dated by the Petitioner and it does not have a stamp indicating when it was delivered to the detention center officials for mailing to this court, the undersigned has used the docketing date as the date of filing.

argues that he is eligible for suspension of deportation because he meets all the conditions set forth in the Immigration and Nationality Act and asks this court to issue an order temporarily stopping his removal from the United States and remanding his case to an immigration judge. (DE#1).

"Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and by statute. <u>Kakkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (citations omitted). Generally, it is presumed that a cause is outside this limited jurisdiction and the burden is on the party pleading jurisdiction to establish it. <u>Id.</u> (citations omitted).

With respect to immigration cases, challenges to most administrative orders of removal or deportation are reviewable only by the appropriate court of appeals, not by a federal district court. <u>See</u> REAL ID Act. Pub.L.No. 109-13, 119 Stat. 231 (May 11, 2005) (providing in relevant part: "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act.]").

In this case, Petitioner has failed to establish that this Court has jurisdiction to consider his motion on the merits. He seeks a stay of the deportation proceedings against him, which is outside this Court's jurisdiction. Petitioner may seek a stay of his removal only through a petition filed with the appropriate court of appeals.

In case Petitioner seeks to challenge his detention pursuant

to 28 U.S.C. §2241, that request should be dismissed as premature. Petitioner alleges that he was ordered removed from the United States on April 18, 2012, for failure to appear before an immigration judge. He further states that he was taken into ICE custody on March 10, 2017 and he is currently awaiting deportation to Haiti. Thus, Petitioner had only been in ICE custody for eleven (11) days at the time of filing the instant petition.

United States Code Title 8, Section 1231(a)(1), requires the federal government to attempt to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the government must detain the alien. 8 U.S.C. § 1231(a)(2).

In Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the United States Supreme Court held that indefinite detention of aliens raises serious constitutional concerns and that once an order of removal becomes final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. The court found that six (6) months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. However, this does not entail that every alien detained longer than six months must be released. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002) (*per curiam*). If after the expiration of the six-month period the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the Government to rebut that showing. Id. Therefore, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe

3

that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

In this case, Petitioner has only been detained for eleven (11) days prior to filing the instant petition. Thus, since Petitioner has not shown post-removal order detention in excess of six months at the time of the filing of his petition, the petition should be dismissed as premature. See Metellus v. Holder, No. 3:11-cv-372-J-34JBT, 2011 WL 1740187, at *2 (M.D.Fla. May 5, 2011) (finding that where the six-month time frame set forth in Zadvydas and Akinwale had not expired, petitioner's petition was "due to be dismissed as prematurely filed").

Therefore, it is recommended that Petitioner's motion to stay deportation be dismissed for lack of jurisdiction, or alternatively, if construed as a habeas corpus petition brought pursuant to 28 U.S.C. §2241, be dismissed as premature, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen (14) days of receipt of a copy of the report.

Signed this 24th day of April, 2017.

UNITED STATES MAGISTRATE JUDGE

Cc: Lacroix Emannuel James, pro se
    A#: 203-369-494
    Krome Service Processing Center
    18201 SW 12th Street
    Miami, FL 33194

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov